UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------x

M.L. and S.L., on behalf of E.L.,                                  11-cv-9423 (TPG)

**OPINION**

Plaintiffs,

-against-

EAST RAMAPO CENTRAL SCHOOL DISTRICT,

Defendant.

-----------------------------------------------------------------------------------------x

Plaintiffs, M.L. and S.L. are the father and mother, respectively, of E.L., a 13 year old boy with disabilities. They originally filed an action against defendant, East Ramapo School District, alleging that defendant failed to offer their son, E.L., a Free Appropriate Public Education ("FAPE") for the 2010-2011 school year in violation of the Individuals with Disabilities Act (the "IDEA"), 20 U.S.C. §§ 1400 et seq., and New York State's implementing laws and regulations, New York Education Law §§ 4401 et seq. and 8 NYCRR §§ 200 et seq. The parents challenged East Ramapo's failure to provide their child with these statutorily imposed accommodations before an impartial hearing officer ("IHO").  Toward that end, the IHO found that the school district failed to provide E.L. with a FAPE, and that the parents' unilateral placement of E.L. in a non-public school was appropriate. Yet, the

IHO also held that the balancing of the equities did not require reimbursement for the cost of placing E.L. in a non-public institution.

The parties have completed a state administrative hearing and an administrative appeal therefrom. With New York State administrative remedies exhausted, Plaintiffs now seek review of those proceedings in this Court. Both parties have filed cross-motions for summary judgment on the basis of the record produced in the state administrative proceedings. Plaintiff seeks a reversal of the decision below and an order for reimbursement in the amount of $32,000.00 for the 2010-2011 school year, as well as attorneys fees as required by 20 U.S.C. § 1415(i)(3)(B)(i)(I). Defendant seeks an affirmation of the administrative finding, which denied plaintiffs any reimbursement based upon a balancing of the equities.

For the reasons set forth below, plaintiffs' motion is denied, and defendant's cross motion is granted.

## BACKGROUND

E.L., the minor in this action brought by his parents on his behalf, suffers from delayed language skills, anxiety, and obsessive compulsive disorder. Consequently, he was classified by the East Ramapo School District as "Other Health Impaired" for purposes of designating appropriate educational resources for his benefit. See Tr. at 323, 662-663, 824, 386. Over the course of his education, E.L.'s parents have placed him in a variety of school environments. See Plaintiff's Memorandum of Law at 5. Those schools were situated in the

East Ramapo School District based upon Individualized Education Programs ("IEPs") designed by the school district. Id. For the 2005-2006 school year, East Ramapo officially recommended an 8:1+2 class (8 students to 1 teacher and 2 paraprofessionals) in a public school taught by Ms. Cathy Wisker. Id. After finding that this arrangement was unsuitable for E.L.'s disabilities, E.L.'s parents made the decision to place him in a non-public school. E.L. thereafter attended non-public schools from 2006-2009. Id. at 5.

On August 11, 2009, East Ramapo developed an Individualized Education Program ("IEP") for E.L., as required under both federal and state law. Id. That plan recommended the same 8:1+2 class taught by Ms. Wisker that was advised for the 2005-2006 school year. See Tr. at 295, 410. No changes were made to the plan. Id. At a meeting scheduled to address the IEP's status, E.L.'s parents told East Ramapo that the parties were in agreement with respect to the class size, but rejected the composition of the class. Id. at 410. East Ramapo, however, failed to provide E.L.'s family with an alternative placement for the 2009-2010 school year. Id. On the August 11, 2009, East Ramapo noted that the projected date for the next review of E.L.'s plan (for 2010-2011) would take place June 24, 2010. Id. at 556.

In turn, E.L.'s parents chose to place E.L. in the Children's Education Initiative ("CHEIN" or "non-public school"), a nonprofit school for disabled children, which was in fact established and maintained in part by E.L.'s parents and others at the beginning of that school year. Id. a 6. They anticipated that East Ramapo would create an IEP for their child for the 2010-2011 school year. Id. However, the district failed to take action by August 10, 2010, after the school year had already begun. Id. Consequently, E.L.'s father sent an email

to Dr. Joel Klein, the district's special education director, notifying the district that he had not yet received an "Annual Review" for the 2010-2011 school year. See Email at 1. In response, Dr. Elizabeth Cohen, the supervisor of case management and non-public school services, told E.L.'s father that E.L.'s Annual Review would not take place until after the school year began. See Dr. Cohen's Email at 1. Accordingly, they signed an educational contract with CHEIN on August 22, 2010 for E.L.'s placement during the 2010-2011 school year. See Tr. at 405, 450, 556-557.

The district was thereafter in communication with E.L.'s parents and an understanding was reached that E.L. would undergo a comprehensive evaluation, a critical part of which was a speech and language evaluation scheduled to take place on September 27, 2010. See Evaluation Form. Because a Committee on Special Education ("CSE") meeting was scheduled for 9:00 AM on September 28, 2010, the day after these evaluations, the parents requested an adjournment, so that they might have the evaluation results at the meeting to discuss the next IEP. The district agreed and adjourned the meeting until October 19, 2010. See Tr. at 468-469.

At the meeting, the district conducted the "Annual Review" that was previously delayed and ultimately recommended that E.L. be placed with the same teacher that he was with for the 2005-2006 and 2009-2010 school year and, yet again, in a 8:1+2 class. Id. In addition, the district recommended that E.L. receive "related services" in the form of speech and language therapy, occupational therapy, a bus matron, and a full-time, individual aide. Id.

4

E.L.'s parents were dissatisfied with the outcome of the Annual Review and, said "that this was going to be moving to an impartial hearing, that they were not going to be satisfied with the program and had actually asked the chairperson to put language in the IEP itself, stating that this would be moving to an impartial hearing." See Hearing Transcript at 213. Moreover, they objected in writing and advised the district at the meeting that E.L. would remain at CHEIN for the 2010-2011 school year. See Hearing Transcript at 26. E.L.'s father said that he wanted the district to provide his child with a free and appropriate education. Id. The IEP itself also stated that "the parents do not agree with the class placement." See IEP at 6. East Ramapo did not offer an alternative placement to E.L.'s family for the 2010-2011 school year. See Plaintiff's Memorandum of Law at 7. The meeting, nonetheless, resulted in the generation of an Individualized Education Services Program ("IESP"), as well as an IEP. Id. After the meeting, E.L.'s parents agreed to visit the class proposed by East Ramapo. See Tr. at 412-413, 544-545. This apparently confirmed their belief that the other students in the class were not socially interacting with one another or with the teacher and were functioning at a lower academic level than son. Id.

On February 9, 2011, the parents requested an Impartial Hearing ("IH") to obtain funding from East Ramapo so that E.L. could attend CHEIN for the duration of the 2010-2011 school year. Id. The presiding officer then issued an opinion finding that East Ramapo had failed to provide E.L. with a FAPE and that CHEIN was an appropriate placement. Id.; see also IHO Decision at 21. But, the hearing officer denied E.L.'s parents any reimbursement, finding that equitable considerations did not weigh in the parents' favor. See

Decision at 29. In his opinion, they would have sent E.L. to a non-public school "regardless of the CSE's recommended placement." Id.

In coming to this conclusion, the officer made several findings of fact. Initially, he noted that E.L.'s father, as acting director of CHEIN, met with the superintendent of the East Ramapo School District to seek funding for the CHEIN. See Hearing Transcript at 27-28. The hearing officer determined that this was consistent with the father's intention to expand the school's program. Id. E.L.'s father also sought support from East Ramapo for other students in the program. Id. Moreover, an email sent by the father to Dr. Cohen provided no indication that the parents intended to return their child to public school, and there was no clear record of communication between the parties that would indicate that the parents were interested in returning their son to a public school in the district. Id. at 28. The conversations primarily related to CHEIN and its potential relocation into the district of East Ramapo. Id. And finally, the hearing officer determined that the contract dated August 22, 2010, signed by the parents, demonstrated that they had committed to CHEIN before the CSE meeting with the District. Id. As a result of these findings, their claims for reimbursement were denied. Id. at 29.

In response, E.L.'s parents then appealed to a State Review Officer ("SRO"), which accepted the hearing officer's findings and held that the parents had failed to satisfy their burden of providing notice to the district. See SRO Decision at 8. Additionally, the SRO determined that a "review of the hearing record does not compel a contrary conclusion with regard to the impartial hearing officer's credibility determination" relating to the parent's

6

alleged intent to send E.L. to a non-public school. Id. at 9. The SRO therefore dismissed the appeal. Id.

E.L.'s parents now seek relief from this court, arguing that equitable considerations require reimbursement of their child's CHEIN tuition and other related services.

## THE COURT'S RULING

The administrative finding was justified in denying reimbursement on equitable grounds.

E.L.'s father was not simply seeking reimbursement for the expense of sending the child to CHEIN. He was acting director of CHEIN and was seeking to promote the scope of CHEIN's business. This was sufficient grounds for denying reimbursement.

Plaintiffs' motion for summary judgment is therefore denied and defendant's motion for summary judgment is granted.

This opinion will resolve docket item number 7.

SO ORDERED.

Dated: New York, New York

April 2, 2013

Thomas P. Griesa, U.S.D.J.